Munley Law, PC
The Forum Plaza - 227 Penn Avenue
Scranton, PA 18503
570-346-7401

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY HUNT and ZETTIE HUNT, his wife, and DANIEL HUNT | : : | |
| Plaintiffs | : : | CIVIL ACTION JURY TRIAL DEMANDED |
| v. | : : | |
| JORGE MARQUES, MARQUES TRUCKING LLC, and WORLD LOGISTICS USA LLC | : : : | NO: |
| Defendants | : | |

## COMPLAINT

NOW come Plaintiffs, Sidney Hunt and Zettie Hunt, his wife, and Daniel Hunt, by and through their undersigned counsel, Munley Law, P.C. and aver as follows:

### THE PARTIES

1. Plaintiff Sidney Hunt is a competent adult individual and a citizen of Florida, with an address at 1340 NW 190th Street, Miami, Florida 33169.

2. Plaintiff Zettie Hunt is a competent adult individual and a citizen of Florida, with an address at 1340 NW 190th Street, Miami, Florida 33169.

3. Plaintiff Daniel Hunt is a competent adult individual and a citizen of Florida, with an address at 1340 NW 190th Street, Miami, Florida 33169.

4. Upon information and belief Defendant Jorge Marques is a competent adult individual and a citizen of New Jersey, with an address at 55 SO 9th Street, Newark, New Jersey 07107.

5. Upon information and belief, Defendant Marques Trucking LLC is a company organized and existing under the laws of the State of New Jersey with its principal place of business at 55 SO 9th Street, Newark, New Jersey 07107.

6. Upon information and belief, Defendant World Logistics USA LLC is a company organized and existing under the laws of the State of New Jersey, with its principal place of business at 173 Route 526, Allentown, New Jersey 08501.

**JURISDICTION AND VENUE**

7. The amount in controversy in this matter exceeds the sum or value of $75,000.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTUAL ALLEGATIONS**

10. At all times pertinent hereto, upon information and belief, Defendant Jorge Marques was the agent, servant, workman, contractor and/or employee of Defendant Marques Trucking LLC and was acting within the course and scope of his agency and/or employment.

11. At all times pertinent hereto, upon information and belief, Defendant Marques Trucking LLC was the owner of a 2000 Volvo tractor-trailer, New Jersey License Plate number AR932E, operated by Defendant Jorge Marques.

12. At all times pertinent hereto, upon information and belief, Defendants Marques Trucking LLC and/or Jorge Marques were the agents, servants, workmen, contractors and/or

employees of Defendant World Logistics USA LLC, US DOT number 00823590, and were acting within the course and scope of their agency and/or employment.

13. On or about December 6, 2016, Plaintiff Sidney Hunt was operating a 2005 Freightliner tractor-trailer, Florida License Plate number F8207U, in the course and scope of his employment with Debenfa Enterprises, traveling West on Interstate 78, Greenwich Township, Berks County, Pennsylvania.

14. At the same time and place, Plaintiff Daniel Hunt was sleeping in the sleeper berth of the 2005 Freightliner tractor-trailer being driven by Plaintiff Sidney Hunt.

15. At the same time and place, Defendant Jorge Marques was operating the abovementioned 2000 Volvo tractor-trailer, owned by Defendant Marques Trucking LLC, and was traveling West on Interstate 78, Greenwich Township, Berks County, Pennsylvania behind Plaintiffs' vehicle.

16. Defendant Jorge Marques operated the abovementioned tractor-trailer in such a negligent, reckless, and careless manner in that he came upon Plaintiffs' vehicle at a high rate of speed and violently rear-ended Plaintiffs' vehicle while it was traveling on Interstate 78 in Greenwich Township, Berks County, Pennsylvania.

17. As a direct and proximate result of the negligent, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully, Plaintiff Sidney Hunt suffered the following, but not limited to, injuries:

   a. A left rotator cuff tear with anterior and superior labral tearing, subacromial and sub-deltoid bursitis, glenohumeral joint effusion and acromiclavicular joint hypertrophy and inflammation;

b. C3-4 posterior central left paracentral disc herniation with central canal stenosis and formanial stenosis, a C4-5 posterior central disc herniation with annular tear, with thecal sac, cord impingement and foraminal stenosis, a C5-6 broad based posterior disc herniation with flattening of the ventral thecal sac and cord impingement, and a C6-7 broad based bulging annulus, with pain radiating to the right hand with associated numbness and tingling in fingers;

c. Lumbar L4-5 broad based bulging annulus with flattening of the ventral thecal sac, and an L5-S1 broad based bulging annulus;

d. Right knee inner edge tearing of the posterior horn of the lateral meniscus, partial thickness chondral loss within the patellofemoral joint and small joint effusion;

e. Left hip pain, left thigh pain, left arm pain, and

f. Stroke.

18. As a direct and proximate result of the negligent, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully, Plaintiff Daniel Hunt suffered the following, but not limited to, injuries:

a. L4-5 bulging annulus abutting the ventral thecal sac and a L5-S1 posterior central disc herniation with annular tear;

b. Lumbar radiculopathy;

c. Head injury with resultant headaches;

d. Cervical C6-7 bulging annulus abutting the ventral thecal sac and a C7-T1 posterior central disc herniation indenting the ventral thecal sac;

e. Thoracic and left knee sprain/strains; and

f. Left hip femoracetabular impingement syndrome and left leg pain.

## COUNT ONE

### Sidney Hunt v. Jorge Marques

### Negligence

19. Paragraphs 1-18 above are incorporated herein by reference as if fully set forth here at length.

20. The aforesaid accident was due solely to the negligent, careless, gross, wanton and reckless conduct of Defendant Jorge Marques and is in no way due to any negligent act or failure to act on the part of the Plaintiffs.

21. The negligent, careless, gross, wanton and reckless conduct of Defendant Jorge Marques consisted of the following:

    a. Failure to properly observe the roadway;

    b. Failure to keep a proper lookout;

    c. Failure to properly brake his vehicle;

    d. Failure to remain attentive and to maintain a sharp lookout for other vehicles on the roadway;

    e. Failure to maneuver his vehicle so as to avoid a collision;

    f. Failure to maintain adequate control over his vehicle;

    g. Failure to keep his eyes on the road;

    h. Failure to take proper action so as to avoid an accident;

    i. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

    j. Failure to inspect, repair, and maintain his vehicle;

k.  failure to conduct an inspection of his vehicle prior to driving in violation of 49 CFR §396.13;

l.  failure to inspect his vehicle and complete driver vehicle inspection reports in violation of 49 CFR §396.11;

m.  operating his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714;

n.  Operating the tractor trailer at too great a speed for the conditions then and there existing in violation of 75 Pa. C.S.A. §3361;

o.  Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361;

p.  failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Greenwich Township, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

q.  Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;

r.  Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s.  operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

t.  Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the tractor trailer in violation of 49 CFR 392.3;

u. Operating his vehicle in excess of the applicable hours of service in violation of 49 CFR 395.3;

v. Failure to record his duty status properly in violation of 49 CFR 395.8;

w. Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. § 3736;

x. failure to use extreme caution when operating a commercial motor vehicle in violation of 49 C.F.R. §392.14;

y. failing to document his travel and daily logs as required by law, including the Federal Motor Carrier Safety Regulations;

z. failing to observe proper rest and driving intervals as required by law, including the Federal Motor Carrier Safety Regulations;

aa. operating the tractor-trailer when he was not fit to do so;

bb. Such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Pennsylvania Rules of Civil Procedure.

22. As a result of the above-stated acts and omissions, Plaintiff Sidney Hunt has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Sidney Hunt demands judgment jointly and severally against Defendant Jorge Marques in an amount in excess of $75,000.00 plus interest and costs.

### COUNT TWO

**Sidney Hunt v. Jorge Marques**

**Punitive Damages**

23. Paragraphs 1 - 22 above are incorporated herein by reference as if fully set forth here at length.

24. The aforementioned conduct of Defendant Jorge Marques was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Sidney Hunt.  Defendant Jorge Marques knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted and/operating his vehicle too fast for conditions, would result in serious injury to others driving on the roadway.

25. Despite such knowledge, Defendant Jorge Marques, nevertheless failed to properly observe the roadway and keep a proper lookout; failed to properly brake his vehicle; failed to remain attentive and to maintain a sharp lookout for other vehicles on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to maintain adequate control over his vehicle; failed to keep his eyes on the road; failed to take proper action so as to avoid an accident; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to inspect, repair, and maintain his vehicle; failed to conduct an inspection of his vehicle prior to driving in violation of 49 CFR §396.13; failed to inspect his vehicle and complete driver vehicle inspection reports in violation of 49 CFR §396.11; operated his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714; operated the tractor trailer at too great a speed for the conditions then and there existing in violation of 75 Pa. C.S.A. §3361; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Greenwich Township, in and

about operated his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the tractor trailer in violation of 49 CFR 392.3; operated his vehicle in excess of the applicable hours of service in violation of 49 CFR 395.3; failed to record his duty status properly in violation of 49 CFR 395.8; by driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. § 3736; failed to use extreme caution when operating a commercial motor vehicle in violation of 49 C.F.R. §392.14; failed to document his travel and daily logs as required by law, including the Federal Motor Carrier Safety Regulations; failing to observe proper rest and driving intervals as required by law, including the Federal Motor Carrier Safety Regulations; operated the tractor-trailer when he was not fit to do so; and performed such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

26. All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Sidney Hunt. As a result, Plaintiff is seeking an award of punitive damages against Defendant Jorge Marques.

WHEREFORE, Plaintiff Sidney Hunt demands judgment against Defendant Jorge Marques jointly and severally in an amount in excess of $75,000.00 plus interest and costs.

## COUNT THREE

### Zettie Hunt v. Jorge Marques

### Loss of Consortium

27. Paragraphs 1-26 above are incorporated herein by reference as if fully set forth here at length.

28. At all times here pertinent Zettie Hunt was and is the wife of Plaintiff Sidney Hunt.

29. Solely because of the negligent conduct, careless conduct and gross, wanton and/or reckless conduct of Defendant Jorge Marques in causing the injuries to Sidney Hunt, Zettie Hunt as wife of Sidney Hunt has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

30. By reason of the aforesaid accident Plaintiff Zettie Hunt has been, yet is and probably will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

WHEREFORE, Plaintiff Zettie Hunt demands judgment against Defendant Jorge Marques, in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT FOUR

### Daniel Hunt v. Jorge Marques

### Negligence

31. Paragraphs 1-30 above are incorporated herein by reference as if fully set forth here at length.

32. The aforesaid accident was due solely to the negligent, careless, gross, wanton and reckless conduct of Defendant Jorge Marques and is in no way due to any negligent act or failure to act on the part of the Plaintiff.

33. The negligent, careless, gross, wanton and reckless conduct of Defendant Jorge Marques consisted of the following:

    a. Failure to properly observe the roadway;
    b. Failure to keep a proper lookout;
    c. Failure to properly brake his vehicle;
    d. Failure to remain attentive and to maintain a sharp lookout for other vehicles on the roadway;
    e. Failure to maneuver his vehicle so as to avoid a collision;
    f. Failure to maintain adequate control over his vehicle;
    g. Failure to keep his eyes on the road;
    h. Failure to take proper action so as to avoid an accident;
    i. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;
    j. Failure to inspect, repair, and maintain his vehicle;
    k. failure to conduct an inspection of his vehicle prior to driving in violation of 49 CFR §396.13;
    l. failure to inspect his vehicle and complete driver vehicle inspection reports in violation of 49 CFR §396.11;
    m. operating his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714;

n. Operating the tractor trailer at too great a speed for the conditions then and there existing in violation of 75 Pa. C.S.A. §3361;

o. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361;

p. Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Greenwich Township, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

q. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;

r. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s. operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

t. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the tractor trailer in violation of 49 CFR 392.3;

u. Operating his vehicle in excess of the applicable hours of service in violation of 49 CFR 395.3;

v. Failure to record his duty status properly in violation of 49 CFR 395.8;

w. Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. § 3736;